UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00773-GNS

ANGEL WOODSON                                                                                           APPELLANT

v.

CLIFFORD J. AUSMUS                                                                         APPELLEE/DEBTOR

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Appellant Angel Woodson's appeal from the judgment and certain orders of the United States Bankruptcy Court for the Western District of Kentucky and Appellee/Debtor Clifford J. Ausmus' Motion for Attorney Fees Due to Frivolous Appeal (Appellee's Mot. for Att'y Fees due to Frivolous Appeal, DN 7 [hereinafter Appellee's Mot.]). Both parties have submitted briefs, and both the appeal and motion are ripe for decision. For the reasons stated below, the Court **AFFIRMS** the United States Bankruptcy Court and **DENIES** Appellee's motion.

**I.      SUMMARY OF FACTS AND CLAIMS**

On December 31, 2014, Appellee/Debtor Clifford J. Ausmus ("Ausmus") filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Kentucky ("the Bankruptcy Court"). (R. 13, DN 4). The Bankruptcy Court entered a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines on January 5, 2015, which alerted the creditors that the creditors' meeting would be held on February 5, 2015. (R. 26). The notice also included a Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts of April 6, 2015. (R. 26).

On January 15, 2015, the Bankruptcy Court entered an order dismissing the case due to Ausmus' failure to file the required Statement of Financial Affairs and completed Schedules and Statement of Monthly Income-7. (R. 38). On motion from Ausmus, the case was reinstated on January 23, 2015. (R. 43). The Bankruptcy Court also entered a Notice of Continued Meeting of Creditors that rescheduled the meeting from February 5, 2015, to February 19, 2015. (R. 45).

On February 9, 2015, the Bankruptcy Court entered an order dismissing the case a second time for the same reason. (R. 50). On motion from Ausmus, the case was reinstated on February 10, 2015. (R. 115-16). The Bankruptcy Court also entered a Notice of Continued Meeting of Creditors that rescheduled the meeting from February 19, 2015, to March 5, 2015. (R. 45). On March 5, 2015, the Bankruptcy Court entered a third Notice of Continued Meeting of Creditors that rescheduled the meeting from March 5, 2015, to March 26, 2015. (R. 124). The meeting adjourned on March 26, 2015, and was scheduled to reconvene on April 23, 2015. (R. 5).

On April 22, 2015, Appellant Angel Woodson ("Woodson") filed a Motion for Limited Lifting of Stay. (R. 131-32). In her motion, she noted that a default judgment on the issue of liability was entered against Ausmus in her favor in Jefferson Circuit Court, and sought to lift the stay for the purpose of holding a damages hearing in that matter. (R. 131).

On April 24, 2015, the Bankruptcy Court granted Ausmus a discharge. (R. 138). On May 6, 2015, Ausmus filed a counter-motion requesting that the Bankruptcy Court strike Woodson's motion and close the bankruptcy case. (R. 148). On May 7, 2015, the Bankruptcy Court scheduled a hearing on the motions to occur on June 2, 2015. (R. 150). On June 3, 2015, the Bankruptcy Court issued an order allowing Woodson to file a supplement to her motion and for Ausmus to file a response. (R. 153).

On August 20, 2015, the Bankruptcy Court entered a Memorandum and an Order denying both motions. (R. 228-41). The Bankruptcy Court noted that "[n]o party filed an action to deny Ausmus' discharge . . . or to except debt from discharge." (R. 229). The Bankruptcy Court held that Rule 60(b) did not provide Woodson relief, and that even if it did, any complaint to except Ausmus' debt from discharge would not survive a motion to dismiss due to untimeliness. (R. 235-36). It also held that Woodson's request for relief under Section 105 of the Bankruptcy Code failed as any relief it could provide Woodson would contravene other provisions of the Bankruptcy Code, a purpose for which it may not be used. (R. 236-37). Finally, the Bankruptcy Court held that if Woodson had asserted relief through equitable tolling, such relief would have been denied because she did not diligently pursue her rights. (R. 237-39).

On September 3, 2015, Woodson filed a motion for reconsideration of the Bankruptcy Court's Memorandum and Order. (R. 242-49). It is in her motion for reconsideration that Woodson first asserted the argument presented to this Court: that the "bar date" for filing an objection to dischargeability or an extension of time to do so changed each time that the creditors' meeting did, with the result that the discharge was granted impermissibly early. (R. 242-49). On September 4, 2015, the Bankruptcy Court scheduled a hearing on Woodson's motion to occur on September 22, 2015. (R. 251). Following the hearing, the Bankruptcy Court denied Woodson's motion for reconsideration. (R. 265).

On October 6, 2015, Woodson filed a motion to reopen the case, a notice of appeal electing to have her appeal heard by this Court, and a motion to stay the judgment of the Bankruptcy Court pending her appeal. (R. 266-71, 287-88). Also on October 6, 2015, the Bankruptcy Court scheduled a hearing for Woodson's motions on October 20, 2015. (R. 309). Following the hearing, the Bankruptcy Court entered an order allowing Woodson to supplement

her motion for a stay and for Ausmus to respond. (R. 337). Also on October 20, 2015, the Bankruptcy Court entered a Supplemental Order to its September 22, 2015 Order. (R. 349-53).

On November 3, 2015, Woodson filed a second notice of appeal appealing the October 20, 2015 Order of the Bankruptcy Court. (R. 346-48). The record was filed in this case on December 4, 2015. (R. 1). Woodson filed her brief on January 4, 2016 (Appellant's Br., DN 6), and Ausmus filed his brief on February 3, 2016 (Appellee's Br., DN 8). Ausmus also filed a Motion for Attorney Fees Due to Frivolous Appeal on February 3, 2016. (Appellee's Mot. for Att'y Fees due to Frivolous Appeal). Woodson did not file a timely response. This matter is thus ripe for adjudication.

## II.     JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which allows litigants to appeal the final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1).

## III.     DISCUSSION

Woodson requests that this Court grant her relief pursuant to 11 U.S.C. § 105(a) and Federal Rule of Civil Procedure 60. The thrust of Woodson's argument is that the Bankruptcy Court erred by not resetting the deadline for the filing of nondischargeability complaints after each dismissal and reinstatement of the case forced the creditor's meeting to be delayed. (Appellant's Br. 7). Upon notice and hearing, a court may determine a debt that would otherwise be subject to discharge to be excepted from discharge. 11 U.S.C. § 523(c)(1). Federal Rule of Bankruptcy Procedure 4007 ("Rule 4007") governs the time limitation to filing of such complaints for determination of nondischargeability. Fed. R. Bankr. P. 4007. It dictates that complaints filed pursuant to Section 523(c) "shall be filed no later than 60 days after the first

date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). Another rule provides that the 60-day time period can be enlarged "only to the extent and under the conditions stated in [the applicable rule]." Fed. R. Bankr. P. 9006(b)(3).

Woodson cites *In re Dunlap*, 217 F.3d 311 (5th Cir. 2000) in support of her argument that the deadline to file a Section 523(c) complaint was reset when the creditors meeting was rescheduled. In *Dunlap*, the proceeding was dismissed and then reinstated when it was brought to the court's attention that it had erred in dismissing the case without a hearing. *Id.* at 313. Once the case was reinstated, three months after dismissal, a new creditors meeting date and due date for Section 523 complaints were set, but no formal notice of the dates were issued. *Id.* The creditors meeting was initially scheduled for February 6, 1998, but reset the same day to January 30, 1998, and the bar date was set as April 7, 1998. *Id.* Lack of formal notice notwithstanding, the creditors were nevertheless informed about the bar date on at least three separate occasions in February and March. *Id.*

On March 31, 1998, one creditor filed a Section 523 complaint, and another creditor filed a Section 523 complaint on April 2, 1998. *Id.* Following a hearing on Dunlap's motion to dismiss the two complaints, the court determined that the 60-day window for filing Section 523 complaints began on the date that the creditors meeting was actually held, which was January 30, 1998, and not February 6, 1998. *Id.* The court calculated the deadline to be March 31, 2008, with the result that the first creditor's complaint was timely and the second creditor's was not. *Id.* at 313-14.

Ultimately, the Fifth Circuit found that 60 days from the first scheduled date of the creditors meeting, which would have occurred during the time the case was dismissed, was not the correct bar date. *Id.* at 315. Instead, it held that 60 days from the first scheduled date of the

creditors meeting following reinstatement of the case, which was April 7, 1998, as calculated by the court initially, was the correct bar date. *Id.* at 317. Woodson asks the Court to apply this reasoning and hold that 60 days from the first scheduled date of the creditors meeting following the second reinstatement of this matter is the correct bar date. (Appellant's Br. 10-11). The first date set following the second reinstatement was March 5, 2015, with a resulting bar date of May 4, 2015, making the Bankruptcy Court's issuance of a discharge premature and Woodson's motion to lift the stay timely.

Ausmus argues, *inter alia*, that *Dunlap* is easily distinguished from this case, most notably because the *Dunlap* court acknowledged that it was applying an old version of Rule 4007.[1] (Appellee's Br. 21 (quoting *Dunlap*, 217 F.3d at 313 n.1)). A careful reading of the case, however, reveals that while the bankruptcy court and district court applied the old version of the rule, the Fifth Circuit applied the new rule. *Dunlap*, 217 F.3d at 314-15.

The key differences between *Dunlap* and this matter are the length of time of the dismissals and the status of the case when the bar date expired. The matter in *Dunlap* was dismissed for three months. The first dismissal in this matter lasted for eight days and the second lasted a single day. In *Dunlap*, the bar date elapsed while the matter was dismissed, and the bar date in this matter elapsed while the case was active. These differences between *Dunlap* and this matter, coupled with the fact that *Dunlap* is not binding, results in the Court declining to adopt the reasoning in *Dunlap*.

---

[1] Ausmus' first argument is that Woodson did not preserve this issue for appeal as she first raised this argument in a motion for reconsideration and that it "should not be allowed to be used to argue for overturning the order denying stay relief because it was not an argument before the court at that time." (Appellee's Br. 11). Whether Ausmus' argument has merit or not, the Court elects to address Woodson's argument for the sake of completing the record.

Woodson also relies on a Tenth Circuit case in support of her argument. In *In re Themy*, 6 F.3d 688 (10th Cir. 1993), the Tenth Circuit addressed a situation in which the bankruptcy court issued a notice that inadvertently gave an erroneous deadline for Section 523 complaints. *In re Themy*, 6 F.3d at 689. A creditor filed a Section 523 complaint within the stated deadline after the accurate deadline had passed and the bankruptcy court accepted the complaint, "holding that a creditor is entitled to rely on information sent out by the clerk's office even though it is contrary to the rules when it leads him to defer action otherwise required." *Id.* at 689. The Tenth Circuit agreed, holding that "the bankruptcy court was within its authority to accept [the creditor's] complaint after the sixty-day period expired." *Id.* at 690. This case is easily distinguished; the Bankruptcy Court did not issue a notice stating an incorrect bar deadline. Woodson, unlike the creditor in *Themy*, did not rely to her detriment on an incorrect date issued by the Bankruptcy Court.

The Sixth Circuit has noted that a bankruptcy court does not have the authority to "sua sponte extend the time in which to filed dischargeability complaints," but that "does not prevent a bankruptcy court from exercising its equitable powers under 11 U.S.C. § 105(a)." *In re Isaacman*, 26 F.3d 629, 632 (6th Cir. 1994) (internal quotation marks omitted) (quoting *Themy*, 6 F.3d at 689). In *Isaacman*, the court's ultimate conclusion was that "a bankruptcy court may correct its own mistakes . . . ." *Id.* at 633. Again, however, it was in the context of an affirmative erroneous misrepresentation on the part of the bankruptcy court. *Id.* at 631, 636. This matter does not involve such a misrepresentation.

More instructive is *In re Miller*, 228 B.R. 399 (B.A.P. 6th Cir. 1999). In *Miller*, the first date set for the creditors meeting was November 22, 1993, with a resulting bar date of January 21, 1994. *Id.* at 400. Because the debtor did not appear at the first scheduled meeting, nor the

second, the creditors meeting actually occurred on June 2, 1994. *Id.* at 400-01. Prior to the meeting, on May 16, 1994, a creditor sought extension of the dischargeability complaint deadline, which the bankruptcy court reset to August 1, 1994. *Id.* at 401. When the creditor filed a complaint on August 1, 1994, the debtor filed a motion to dismiss the complaint, arguing that it was filed after the original bar date. *Id.* The bankruptcy court denied the motion to dismiss. *Id.*

On review, the Bankruptcy Appellate Panel noted that the creditor did not file its motion to extend the deadline until after the deadline had passed. *Id.* The Panel also stated: "Rule 4007(c) is unambiguous. A complaint to determine dischargeability under § 523(c) must be filed not later than 60 days following the *first date set* for the meeting of creditors." *Id.* (emphasis in original). It further noted that "[t]he majority of cases interpret Rule 4007(c) to require that the 60-day period runs from the 'first date set for the meeting of creditors,' notwithstanding that the meeting is continued and actually occurs on a different date." *Id.* (collecting cases). It agreed with the majority, and reversed and remanded for dismissal of the creditor's complaint. *Id.*

As the Bankruptcy Appellate Panel noted, the text of Rule 4007(c) sets a firm deadline for the type of complaint filed by Woodson: "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). The advisory committee notes on this subsection are clear: "[i]f a complaint is not timely filed, the debt is discharged." Fed. R. Bankr. P. 4007(c) advisory committee's note to 1999 amendment. Woodson did not seek an extension of the applicable deadline, and she has provided no binding case law supporting her position that, absent such an extension, she timely filed her complaint. The Court therefore declines to exercise its equitable powers under Section 105(a) to revoke Ausmus' discharge.

Woodson also argues that she is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (Appellant's Br. 11-12). Federal Rule of Civil Procedure 60(b)(1)

8

allows a court to "relieve a party . . . from a final judgment, order, or proceeding" by reason of "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Problematically for Woodson, the Bankruptcy Court did not make a mistake as discussed above, and there are no facts or arguments supporting inadvertence or surprise.

Woodson has also not proven the existence of excusable neglect. As the Sixth Circuit has noted:

> [T]he courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith."

*Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001))). Here, the prejudice to Ausmus is great; he has already been granted a discharge in bankruptcy, and to undo that discharge presents obvious potential for prejudice. Likewise, revoking Ausmus' discharge and granting a stay would have a significant impact on his bankruptcy proceedings; it would almost entirely rewind the case.

While a delay of 16 days after bar date lapsed is not so great a delay, Woodson has not presented a sufficient reason for the delay. There is no question that she received the first notice setting the bar date and did not receive any correspondence from the Bankruptcy Court misrepresenting the bar date thereafter. Woodson had notice of the bar date, had opportunity to clarify the bar date with the Bankruptcy Court following the reinstatements of this matter, and had the opportunity to move for an extension of the bar date. Finally, there is no indication that Woodson has acted in bad faith. On balance, however, Woodson cannot obtain Rule 60(b)(1) relief as there was no excusable error.

Rule 60(b)(6) allows relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b)(6) . . . requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). A missed deadline or statute of limitations is not an extraordinary circumstance; it is, unfortunately, fairly common. Accordingly, the Court cannot grant Woodson relief pursuant to Rule 60(b)(6).

Finally, Ausmus seeks an award of double attorney fees on the premise that Woodson's appeal is frivolous. (Appellant's Mot. for Att'y Fees Due to Frivolous Appeal). "If the district court . . . determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020. Federal Rule of Bankruptcy Procedure 8020 ("Rule 8020") "is materially the same as Federal Rule of Appellate Procedure 38," and thus Federal Rule of Appellate Procedure 38 ("Appellate Rule 38") and case law interpreting it provide "guidance" when ruling on motions pursuant to Rule 8020. *In re Reese*, 485 F. App'x 32, 35 (6th Cir. 2012).

"[S]anctions are warranted under Appellate Rule 38 'only in the rare case when an appeal involves an improper purpose, such as harassment or delay, or when . . . an appeal consist of baseless or improperly raised arguments.'" *Id.* (second alteration in original) (quoting *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008)). "Frivolous appeals, such as those in which 'the result is obvious or [the] appellant's argument is wholly without merit,' also may warrant sanctions." *Id.* (alteration in original) (quoting *Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 1998)). Given the in-depth analysis the Court has undertaken, it is clear that while Woodson's argument is flawed, it is not obvious or wholly without merit, particularly given that the Fifth Circuit has embraced Woodson's argument, albeit in a case distinguishable from the

10

case *sub judice*. Because Woodson's appeal is not frivolous, the Court will deny Ausmus' motion.

## IV.     CONCLUSION

For the foregoing reasons, the orders of the Bankruptcy Court are **AFFIRMED**, and Ausmus' Motion for Attorney Fees Due to Frivolous Appeal (DN 7) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

March 31, 2016

cc:     counsel of record